UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK A. WEISS,

        Petitioner,

v.                                                     Case No. 17-C-874

BRYAN BARTOW,

        Respondent.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

On June 23, 2017, Mark Weiss filed a petition for federal habeas relief under 28 U.S.C. § 2254, claiming that he was serving a state sentence imposed in violation of his rights under the United States Constitution. This is actually his fourth action for federal habeas relief, the first three having been dismissed without prejudice by other judges on procedural grounds. His initial petition before me was dismissed as incomprehensible, but he was allowed to proceed on an amended petition on three claims arising out of his conviction and sentence on February 6, 2009, for stalking and bail jumping as a repeater. Despite the age of the convictions, Weiss apparently remains in custody under the sentences imposed apparently due to a number of violations of his probation and extended supervision. A two-year bifurcated sentence was imposed on the bail jumping charge with one year in prison and one year on extended supervision. ECF No. 20-1 at 2. A consecutive four-year term of probation, with a six-year imposed and stayed bifurcated sentence was imposed on the stalking charge. *Id.* at 1.

The three claims on which Weiss was allowed to proceed are that there was insufficient evidence to convict him of stalking, that Wisconsin's stalking statute is unconstitutionally vague, and

that he was denied sentence credit to which he was entitled under state law. Although the court questioned in its screening order whether Weiss had already procedurally defaulted on the first two claims, it could not determine from the petition and attachments whether or not he had done so and therefore directed the respondent to file an answer. Respondent has now filed a motion to dismiss on the grounds that the vagueness and insufficiency claims are procedurally defaulted and that the sentence credit claim is not cognizable under federal habeas review. For the reasons that follow, the respondent's motion will be granted.

## BACKGROUND

Weiss was on probation in a 2007 Kenosha County case, when in 2008 he was charged with the stalking and bailjumping offenses that led to the convictions that he seeks to collaterally attack here. He was originally held in custody on both the 2007 and the 2008 charges. In December 2008, his probation in the 2007 case was revoked and he was sentenced to time served—the 299 days he had been in custody on the probation hold.

In the meantime, Weiss had proceeded to a bench trial on the 2008 charges. Prior to trial, Weiss moved to dismiss on the ground that Wisconsin's stalking statute was unconstitutionally vague. After a hearing, the circuit court held that the statute was constitutional and denied Weiss' motion to dismiss. On November 24, 2008, Weiss was found guilty of stalking, in violation of Wisconsin Statute § 940.32(2), and bail jumping, in violation of Wisconsin Statute § 946.49(1)(a), both as repeaters under Wisconsin Statute § 939.62(1)(a). ECF No. 20-1. Weiss remained in custody on the 2008 charges after he received the "time served" sentence following his revocation in December 2008 until his sentencing for those offenses, which occurred in February 2009. At the time of sentencing, he received credit for the time between his December 2008 revocation on the

2

2007 case and his February 2009 sentencing in the 2008 case, but not for the 299 days for which he had been given credit on the 2007 case.

Weiss filed a notice of appeal from the stalking and bail jumping convictions on February 4, 2010, but moved to voluntarily dismiss his appeal in May 2010. The Wisconsin Court of Appeals confirmed Weiss' decision and dismissed his appeal. Since then, Weiss has filed numerous letters and motions with the circuit court seeking to modify his sentence, overturn his convictions, and obtain additional credit on his sentence. All have been denied. Most recently, on September 20, 2017, the Wisconsin Court of Appeals summarily affirmed the circuit court's decision denying Weiss' motion to "re-look" at the court's order denying him 299 days credit on the 2008 convictions.

### LEGAL STANDARDS

A federal court is authorized to grant habeas corpus relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The granting of such relief by federal courts is further limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "significantly constrain any federal court review of a state court conviction." *Searcy v. Jaimet*, 332 F.3d 1081, 1087 (7th Cir. 2003). Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

3

In addition, state prisoners are required to "exhaust" the remedies available to them in the state court system before a federal district court will consider the merits of constitutional claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (noting that if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). A federal district court cannot address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citation omitted).

"A petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Villanueva v. Anglin*, 719 F.3d 769, 775 (7th Cir. 2013)). A petitioner exhausts his constitutional claim when he has presented it to the highest state court for a ruling on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Even if a petitioner exhausts review of his constitutional claim in the state courts, a federal habeas court cannot review the claim on the merits if the petitioner has "procedurally defaulted" the claim. A criminal defendant "procedurally defaults" his claim—and loses his right to federal habeas review—if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)).

4

## DISCUSSION

Plaintiff's claims of insufficiency of the evidence and unconstitutional vagueness are procedurally defaulted. Weiss was required to bring these claims to the Wisconsin Court of Appeals and the Wisconsin Supreme Court. *See Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004) (requiring constitutional claims to be brought to *each* appropriate state court). However, Weiss voluntarily dismissed his direct appeal raising these claims and never raised them in his post conviction motion. The state courts were therefore never provided an opportunity to address these arguments on their merits.

Additionally, because Weiss dismissed his direct appeal and has already filed a post conviction motion pursuant to Wisconsin Statute § 974.06, he is prevented from filing another post conviction motion and raising these claims in the state courts. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d (1994) (explaining a prisoner is barred from bringing a second post conviction motion pursuant to § 974.06 on a ground that was raised, or could have been raised on direct appeal or a prior postconviction motion, unless the defendant demonstrates a sufficient reason for failing to raise the ground). It follows that Weiss has procedurally defaulted both claims.

Procedural default is not an absolute bar from federal relief; instead procedural default will bar a federal court from granting relief on a habeas petition unless the petition demonstrates cause for the default and prejudice arising therefrom, or, alternatively, he can demonstrate a miscarriage of justice would result if his claims were not entertained on the merits. *Perruquet*, 390 F.3d at 514–15 (citations omitted). Weiss did not respond to the respondent's procedural default argument, however, and has not shown cause and prejudice, or a miscarriage of justice. Accordingly, Weiss

5

has procedurally defaulted on his insufficiency and vagueness claims and he is not entitled to relief on either.

Weiss' final claim is that he is owed sentence credit under Wisconsin Statute § 973.155. However, this is a claim arising from state, not federal, law. And he is not entitled to federal habeas relief for violations of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Even if he was entitled to federal review, the result would be the same. As the Wisconsin Court of Appeals explained, he was given credit for the 299 days on his revocation sentence in the 2007 case. He was not entitled to additional credit on the sentences imposed in the 2008 case.

## Conclusion

For the reasons stated above, Weiss is not entitled to federal habeas issue on any of his claims. Thus, the government's motion to dismiss (ECF No. 19) is **GRANTED**, Weiss' petition for writ of habeas corpus is **DENIED**, and the Clerk is directed to enter judgment **DISMISSING** the case. Weiss' outstanding motion to dismiss (ECF No. 26) is **DENIED AS MOOT**.

## Certificate of Appealability

Having disposed of this petition, the Court must decide whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Petitions. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Here, I conclude that reasonable jurists could not debate the outcome, and the petitioner has not shown the denial of any constitutional right. The certificate of appealability is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin on this ___12th___ day of May, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court